# IN THE UNITED STATES DISTRICT COURT
# FOR THE OF MASSACHUSETTS

| | |
|---|---|
| HARMONIX MUSIC SYSTEMS, INC., and MAD CATZ, INC. <br><br> Plaintiffs, <br><br> v. <br><br> AI AUTOMATION, LLC <br><br> Defendant. | CIVIL ACTION NO.  15-CV-14138 |

## COMPLAINT FOR DECLARATORY JUDGMENT
## OF PATENT NONINFRINGEMENT

Plaintiffs, Harmonix Music Systems, Inc. ("Harmonix") and Mad Catz, Inc. ("Mad Catz") (collectively "DJ Plaintiffs"), for their Complaint for Declaratory Judgment of noninfringement of U.S. Patent No. 6,388,181 ("the '181 Patent") against Defendant, AI Automation, LLC ("AIA"), allege as follows:

## THE PARTIES

1.     Plaintiff Harmonix is a Delaware corporation having its principal place of business at 40 Broad Street, Floor 7, Boston, MA 02109.

2.     Plaintiff Mad Catz, Inc. is a Delaware corporation having place of business at 10680 Treena Street, Suite 500, San Diego, California 92131-2447.

3.     Defendant AI Automation, LLC, is a Texas limited liability company having its principal place of business in Houston, TX.

## NATURE OF THE ACTION

4.  The '181 Patent, entitled "Computer Graphic Animation, Live Video Interactive Method for Playing Keyboard Music," issued on May 14, 2002. The '181 Patent lists Michael K. Moe as the sole inventor. A true and correct copy of the '181 patent is attached hereto as Exhibit A.

5.  The assignment records of the U.S. Patent and Trademark Office indicate that Mr. Moe assigned his rights in the '181 Patent to AIA on January 23, 2014.

6.  In a Complaint filed on March 16, 2014, in the Eastern District of Texas, against Harmonix, Mad Catz Interactive, Inc., and GameStop Corporation (a true and correct copy of which is attached hereto as Exhibit B), AIA represented to the court that it is the owner of all right, title, and interest in the '181 Patent. In that Complaint, AIA alleged that Defendants, "directly or through intermediaries, have acted and are acting to develop, use, publish, manufacture, import, ship, distribute, offer for sale, sell, and/or advertise various video games and accessories, including, but not limited to, *Rock Band 3* and *Rock Band 3* instruments specially designed for use with the *Rock Band 3* video game ("*Rock Band* and *Rock Band* accessories")." AIA and Defendants stipulated to dismissal of that action on June 10, 2014.

7.  AIA has now alleged that Harmonix's *Rock Band 4* infringes claims 26 and 31 of the '181 Patent. Upon information and belief, AIA has also sent letters to Mad Catz and GameStop, co-publisher and retailer of *Rock Band 4*, respectively, notifying them of AIA's allegations that Harmonix's *Rock Band 4* product infringes AIA's '181 Patent.

8.  In a letter dated October 29, 2015, to Harmonix, AIA threatened that its "litigation history shows that it is very willing to file a lawsuit" accusing *Rock Band 4* of infringing the '181 Patent. In view of AIA's past history of filing suit against Harmonix, Mad Catz, and GameStop with respect to the '181 Patent, the letter dated October 29, 2015, referring to its willingness to file

another lawsuit, is a clear, unmistakable, and imminent threat of litigation against the DJ Plaintiffs, and the DJ Plaintiffs have a reasonable apprehension of being sued by AIA for infringement of the '181 Patent.

## JURISDICTION AND VENUE

9. This action arises under the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202, and under the Patent Act, 35 U.S.C. § 271, *et seq*. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1338(a), and 2201-2202.

10. An actual, definite, concrete, and justiciable case or controversy exists between the DJ Plaintiffs and AIA with respect to the infringement of the '181 Patent (Exhibit A).

11. This Court has personal jurisdiction over AIA, who on information and belief has significant contacts with and does business in this District, including having directed the activities that form the basis for this action to Harmonix in this judicial district. By way of example, AIA has specifically and repeatedly accused Harmonix, a Massachusetts resident, of infringing the '181 Patent. On multiple occasions, AIA has also demanded that Harmonix take a license to the '181 patent.

12. Venue is proper under 28 U.S.C. §§ 1391 because, *inter alia*: (1) this Court has personal jurisdiction over Defendant as set forth above, and (2) Harmonix offers accused instrumentalities in the District of Massachusetts; thus, a substantial part of the events giving rise to Defendant's claims have occurred in this Judicial District.

## COUNT ONE
## (DECLARATORY JUDGMENT OF NONINFRINGEMENT)

13. The DJ Plaintiffs incorporate by reference each of the allegations of paragraphs 1-12, as if fully set forth herein.

14. AIA has now alleged that Harmonix's *Rock Band 4* infringes claims 26 and 31 of the '181 Patent. An actual and justiciable controversy requiring declaratory relief exists between AIA and the DJ Plaintiffs regarding alleged infringement of the '181 Patent.

15. The DJ Plaintiffs have not infringed, and are not infringing, directly or indirectly, literally or under the doctrine of equivalents, any valid and enforceable claim of the '181 Patent because they have not engaged in any of the acts constituting patent infringement as set forth in 35 U.S.C. § 271.

16. The DJ Plaintiffs request a declaration that they have not infringed, and are not infringing, any valid and enforceable claim in the '181 Patent, nor have they contributed or induced others to infringe the '181 Patent.

## **PRAYER FOR RELIEF**

Wherefore, Plaintiffs Harmonix Music Systems, Inc. and Mad Catz, Inc. demand judgment against Defendant AI Automation, LLC, and respectfully request that this Court enter Orders:

A. Declaring that Harmonix and Mad Catz have not infringed, and are not infringing, any valid and enforceable claim of the '181 Patent.

B. Declaring that Harmonix and Mad Catz have not contributorily infringed, and do not currently contributorily infringe, any valid and enforceable claim of the '181 patent;

C. Declaring that Harmonix and Mad Catz have not induced, and do not currently induce, any infringement of any valid and enforceable claim of the '181 patent;

D. Declaring this to be an exceptional case and awarding Harmonix and Mad Catz their costs and attorneys' fees in accordance with 35 U.S.C. § 285 or other applicable law; and

-5-

    E.    Granting Harmonix and Mad Catz such other and further relief as the Court deems just and proper.

Dated: December 14, 2015　　　　　　　　　Respectfully submitted,

Of Counsel:

| | |
|---|---|
| PATRICK J. COYNE | /s/Linda J. Thayer |
| patrick.coyne@finnegan.com | LINDA J. THAYER (BBO No. 674447) |
| FINNEGAN, HENDERSON, | linda.thayer@finnegan.com |
| FARABOW, | RACHEL L. EMSLEY (BBO No. 675629) |
|   GARRETT & DUNNER, LLP | rachel.emsley@finnegan.com |
| 901 New York Ave., N.W. | FINNEGAN, HENDERSON, FARABOW, |
| Washington, D.C.  20001-4413 |   GARRETT & DUNNER, LLP |
| Telephone: (202) 408-4470 | 2 Seaport Lane, 6th Floor |
| Facsimile:  (202) 408-4400 | Boston, MA 02210 |
| | Telephone: (617) 646-1600 |
| | Facsimile:  (617) 646-1666 |
| | |
| | Attorneys for Plaintiffs, |
| | Harmonix Music Systems, Inc. and |
| | Mad Catz, Inc. |